PRICE, Judge.
This is a tort action by guest passengers in an automobile which collided with the rear end of a dump truck parked on a highway at night. At approximately 2:30 a.m. on October 12, 1975, a convoy of five large dump-bed trucks transporting rock from Arkansas for revetment work on Red River was proceeding south on Highway 1 in Red River Parish. Several miles north of Armistead, one of the trucks developed axle trouble causing the rear tires to catch fire. The burning truck pulled onto the right shoulder of the road. The other drivers, who stopped to render assistance, were concerned that the fire would cause the truck to explode and took precautions to warn passing motorists of the potential danger. A partial roadblock was established north of the disabled truck to warn southbound traffic. The driver of the lead truck in the convoy, J. D. McPherson, instructed his wife to place their truck in the southbound lane south of the burning truck to alert motorists traveling from the south. Mrs. McPherson positioned their truck at an angle so that the headlights beamed in a southeasterly direction across the northbound lane of travel. No flares were placed by Mrs. McPherson at their truck as they had been taken by Mr. McPherson for use at the burning truck.
Approximately thirty minutes later, an automobile owned and driven by Leon Gray approached this scene from the north. Gray was carrying three guest passengers: Dorris Morris, Martha Jean Davidson, and Willie Mae Bonner.
Gray observed the warning given north of the burning truck and passed the hazard by pulling over to the extreme left side of the highway. After passing, he pulled his car back into the right lane and accelerated. He then saw the McPherson truck, applied brakes, and skidded into the rear of the truck with considerable force.
Dorris Morris filed this action seeking damages for personal injuries, loss of wages, and related expenses resulting from the accident. He contends the accident was caused by the concurring negligence of Leon Gray and the McPhersons. These parties are made defendants along with Empire Fire and Marine Insurance Company, the liability insurer of the McPherson truck.
Martin Jean Davidson has intervened seeking damages for personal injuries and related expenses against the same defendants.
The trial court rendered judgment against all defendants, in solido, awarding Dorris Morris damages of $49,858.00 and Martha Jean Davidson damages of $10,-221.50.
Appellants contend primarily that the sole cause of the accident was the negligence of Gray in failing to see the parked truck, driving at an excessive speed, and being intoxicated to the extent his reaction ability was impaired. They further contend that the only negligence imputed to the McPhersons by the trial judge was the failure to place warning flares as required by La.R.S. 32:141, and as they were acting as Good Samaritans in an emergency situation, *108 this statutory violation was not a legal cause of the accident. Appellants also contend in the alternative that plaintiffs were contributorily negligent in riding with Gray who they knew or should have known was under the influence of intoxicating beverages.
The defense of contributory negligence is without merit. We pretermit any consideration of whether Gray was intoxicated to an extent that his condition was a contributing factor in his failure to see the truck in time to avoid the collision. There has been no showing made by appellants that plaintiffs should have known or believed Gray was intoxicated by his appearance, driving, or other actions at the time they accepted a ride in his automobile. The investigating trooper who had known Gray for several years, testified he had no reason to believe Gray was under the influence at the time he questioned Gray at the scene of the accident. He ordered a blood alcohol test because there was an odor of alcohol present and several open cans of beer in Gray’s car. Appellants rely on the results of the test showing .10 grams blood alcohol content and the fact that plaintiffs had been with Gray for several hours prior to the accident at night clubs in Powhaten and Grand Bayou. There is no evidence that Gray consumed anything other than beer or that he had been noticeably affected by the quantity consumed. The trial judge made a specific finding that Gray was not intoxicated.
The Supreme Court rejected the defense of assumption of the risk by voluntarily riding with an intoxicated driver under much stronger evidence than is present in this case. See Prestenbach v. Sentry Insurance Co., 340 So.2d 1331 (La.1976). Under this recent guideline, appellants have clearly failed to prove contributory negligence.
We further find no manifest error in the conclusion of the trial court that the McPhersons were negligent in failing to provide warning flares at their parked truck under the weather conditions that prevailed on the night of the accident.
The evidence shows there was intermittent fog in the area. Although the evidence on the degree of visibility is conflicting, there is testimony showing it was difficult to see the rear of the McPherson truck from the site of the burning truck, a distance of approximately one quarter mile. The angle at which the truck was parked made it even more difficult for an overtaking motorist to see under the impaired visibility. Because of these circumstances, McPherson should have foreseen the danger his parked vehicle would present to southbound drivers after they had passed the apparent scene of danger. The “Good Samaritan” rule is not applicable to the facts of this case. Sufficient time had elapsed for McPherson to have recognized the hazard his vehicle posed without proper warning flares.
Appellants lastly contend the general damages awarded by the trial judge are excessive and should be reduced.
Dorris Morris was thrown into the windshield as a result of the collision. He suffered severe facial lacerations and a back injury. He continues to complain of numbness in his arm, headaches, and blurred vision. There is also evidence showing his ability to remember has been diminished by the trauma to his head. Dr. Fred Willis, who has treated Morris since his release from the hospital, testified that he believed Morris would be unable to reenter the work force due to the accident.
Dr. John Valiulis, a plastic and reconstructive surgeon, testified that four separate surgical procedures would be necessary because of the severe scars on Morris’ face. Dr. Valiulis further testified Morris would have permanent scars even after the plastic surgery.
In view of this medical evidence, the $40,-000.00 award for general damages to Morris is not an abuse of the discretion accorded the trial court in determining damages for personal injuries.
Martha Jean Davidson was rendered unconscious at the time of the collision. She suffered facial lacerations and contu *109 sions, a cervical sprain, and a concussion. She was subjected to cervical traction and faces plastic surgery to repair her facial scars. The trial court’s award of $7,500.00 is within the bounds of discretion.
The judgment is affirmed at appellants’ costs.